## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **KATRINA FREEMAN and AIREANNE** | : | |
| **CLARK, individually and on behalf of all** | : | |
| **persons similarly situated,** | : | **Civil Action No.: _____** |
| | : | |
| **Plaintiffs,** | : | **COLLECTIVE** |
| | : | **ACTION COMPLAINT** |
| **v.** | : | |
| | : | |
| **TRAININGWHEEL CORPORATION, LLC** | : | |
| **A/K/A TRAININGWHEEL, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

Plaintiffs Katrina Freeman ("Freeman") and Aireanne Clarke ("Clarke") (together, "Plaintiffs"), through their undersigned counsel, individually and on behalf of all others similarly situated, file this Collective Action Complaint against Defendant TrainingWheel Corporation, LLC a/k/a TrainingWheel, Inc. ("Defendant" or "TrainingWheel"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiffs allege that they and other similarly situated consultants were improperly classified as independent contractors, and, as a result, did not receive overtime pay for hours worked in excess of forty (40) in a workweek. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and are made on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1.      Jurisdiction over Plaintiffs' FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391, since a significant part of the events giving rise to this Complaint occurred within this judicial district, and Defendant is incorporated in Delaware.

## PARTIES

3.      Plaintiff Katrina Freeman ("Freeman") is an individual residing in Rome, Georgia. Freeman worked for Defendant as a Consultant providing support and training in using a new recordkeeping system to TrainingWheel's clients in Alabama, Michigan, Florida, Oklahoma, Georgia and Tennessee between 2010 and 2018. Pursuant to 29 U.S.C. § 216(b), Freeman has consented in writing to participate in this action. *See* Exhibit A.

4.      Plaintiff Aireanne Clarke ("Clarke") is an individual residing in Rome, Georgia. Clarke has worked for Defendant as a Consultant providing support and training in using a new recordkeeping system to TrainingWheel's clients in Tennessee, Florida, Michigan, and Alabama between January 2013 and August 2018. Pursuant to 29 U.S.C. § 216(b), Clarke has consented in writing to participate in this action. *See* Exhibit B.

5.      Defendant TrainingWheel Corporation, LLC a/k/a TrainingWheel, Inc. ("Defendant" or "TrainingWheel") is a corporation providing information technology educational services for the healthcare industry across the country. TrainingWheel maintains its corporate headquarters in Fort Myers, Florida, and is incorporated in Delaware.

6.      TrainingWheel employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

7.      TrainingWheel's annual gross volume of sales made or business done exceeds $500,000.

## COLLECTIVE ACTION DEFINITION

8.      Plaintiffs bring Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of themselves and the following collective of potential FLSA opt-in litigants:

> All individuals who worked for TrainingWheel providing training and support to TrainingWheel's clients in connection with the implementation of electronic recordkeeping systems in the United States from December 6, 2015 to the present and who did not receive overtime compensation for hours worked in excess of forty (40) per week ("FLSA Collective" or "Collective Action Members").

## FACTS

9.      As a leading healthcare information technology firm, TrainingWheel provides training and support to medical facilities in connection with the implementation of new electronic recordkeeping systems. TrainingWheel employs consultants, such as Plaintiffs, who perform such training and support services throughout the United States.

10.     TrainingWheel's financial results are significantly driven by the number of consultants providing training and support services for TrainingWheel's customers and the fees that TrainingWheel charges the customers for these services.

11.     Between 2010 and 2018, Plaintiff Freeman worked as a consultant for TrainingWheel and was assigned to work at hospitals in Alabama, Michigan, Florida, Oklahoma, Georgia and Tennessee.

12.     Between January 2013 and August 2018, Plaintiff Clarke worked as a consultant for TrainingWheel and was assigned to work at hospitals in Tennessee, Florida, Michigan, and Alabama.

13.     Until at least 2018, Plaintiffs were paid solely on an hourly basis and were paid only for the time they actually worked.

14. TrainingWheel improperly, wrongfully and illegally classified Plaintiffs and Collective Action Members as independent contractors, when the economic reality of their position is that of an employee, and TrainingWheel retains the right of control, and, in fact, actually does control their work.

**Plaintiffs and Collective Action Members are Employees as a Matter of Economic Reality**

15. Work performed by Plaintiffs and Collective Action Members is an integral part of TrainingWheel's business. TrainingWheel is in the business of providing information technology educational services to the healthcare industry. Plaintiffs and Collective Action Members provide support and training to TrainingWheel's clients in connection with the implementation of new electronic recordkeeping systems.

16. Plaintiffs' and Collective Action Members' duties do not involve managerial work. They follow the training provided to them by TrainingWheel and its clients in performing their work, which is basic training and support in using electronic recordkeeping systems.

17. Plaintiffs and Collective Action Members do not make any significant relative investments in relation to their work with TrainingWheel. TrainingWheel provides the training and equipment required to perform the functions of their work.

18. Plaintiffs and the Collective Action Members have little or no opportunity to experience a profit or loss related to their employment. TrainingWheel pays Plaintiffs and the Collective Action Members a fixed hourly rate. Plaintiffs and the Collective Action Members do not share in TrainingWheel's monetary success; their income from their work is limited to their hourly rate.

19.     Plaintiffs' and Collective Action Members' work does not require special skills, judgment or initiative. TrainingWheel provides training to Plaintiffs and Collective Action Members, which they in turn use to provide training and support to TrainingWheel's clients.

20.     Plaintiffs and Collective Action Members are economically dependent on TrainingWheel. Plaintiffs and Collective Action Members are entirely dependent upon TrainingWheel for their business.

21.     Plaintiffs and Collective Action Members are not customarily engaged in an independently established trade, occupation, profession or business.

22.     Plaintiffs and Collective Action Members typically enter into successive projects for TrainingWheel. Each of the Plaintiffs has worked on multiple projects for TrainingWheel over the course of several years.

23.     Plaintiffs and Collective Action Members have little or no authority to refuse or negotiate TrainingWheel's rules and policies; they must comply or risk discipline and/or termination.

24.     TrainingWheel instructs Plaintiffs and Collective Action Members concerning how to do their work and TrainingWheel dictates the details of the performance of their jobs. For example:

    a.    TrainingWheel, not Plaintiffs or Collective Action Members, conducts all of the billing and invoicing to TrainingWheel's clients for the work. TrainingWheel bills the third-party customers directly;

    b.    Plaintiffs and Collective Action Members have no control over what prices to charge, or the scheduling of shifts. All negotiations over the cost of the work are done directly between TrainingWheel and the third-party client.

In fact, TrainingWheel explicitly instructed Plaintiffs and the Collective Action Members that they were not to discuss their pay rates or expense reimbursements with anyone other than TrainingWheel administration;

c.      TrainingWheel requires Plaintiffs and Collective Action Members to work the entire project from inception to conclusion;

d.      TrainingWheel provides the training needed for Plaintiffs and Collective Action Members to perform their work; and

e.      TrainingWheel requires Plaintiffs and Collective Action Members to perform in accordance with TrainingWheel's policies, manuals, standard operating procedures and the third-party client's requirements.

25.     Plaintiffs and Collective Action Members often work approximately twelve (12) hours per day, and up to seven (7) days per week.

26.     Plaintiffs and Collective Action Members have to request TrainingWheel's approval for time off. TrainingWheel has the discretion to grant or deny such requests.

**Plaintiffs and Collective Action Members are not Exempt as "Computer Employees" under the FLSA**

27.     Plaintiffs and Collective Action Members provide support and training to hospital staff in connection with the implementation of new electronic recordkeeping systems. Plaintiffs have no specialized training or certification in computer programming, software documentation and analysis, or testing of computer systems or programs. Plaintiffs and Collective Action

Members do not work as, nor are they similarly skilled as, computer systems analysts, computer programmers or software engineers, as defined in 29 C.F.R. § 541.400(a).

28.     Plaintiffs' and Collective Action Members' primary duties consist of training and aiding healthcare staff with using new electronic recordkeeping software. This support is also known as "at the elbow". Plaintiff's and Collective Action Members' primary duties do not include the higher skills of "application of systems analysis techniques and procedures" pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiffs and Collective Action Members do not analyze, consult or determine hardware, software programs or any system functional specifications for TrainingWheel's clients. *See id.*

29.     Plaintiffs and Collective Action Members do not consult with TrainingWheel's customers to determine or recommend hardware specifications. Plaintiffs and Collective Action Members do not design, develop, document, analyze, create, test or modify computer systems or programs as defined in 29 C.F.R. § 541.400(b)(2).

30.     Plaintiffs and Collective Action Members are not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiffs and Collective Action Members provide support and training to TrainingWheel's clients in using electronic recordkeeping systems.

**Plaintiffs and Collective Action Members Routinely Worked in Excess of Forty Hours a Week**

31.     Plaintiffs and Collective Action Members are regularly required to work 12-hour shifts, up to 7 days a week, while performing work for TrainingWheel.

32.     Although Plaintiffs and Collective Action Members are routinely required to work more than forty (40) hours per week, up until at least 2018, they did not receive one and one-half (1 ½) times their regular rate for hours worked in excess of forty (40) hours per week, as required by the FLSA.

33.     Instead, Plaintiffs and Collective Action Members were paid a straight hourly rate for hours that they worked, regardless of whether they worked more than forty (40) hours in a week.

**TrainingWheel Willfully Violated the FLSA**

34.     TrainingWheel and its senior management had no reasonable basis to believe that Plaintiffs and Collective Action Members were exempt from the requirements of the FLSA. Rather, TrainingWheel either knew or acted with reckless disregard of clearly applicable FLSA provisions in failing to pay overtime to Plaintiffs and Collective Action Members. Such willfulness is demonstrated by, or may be reasonably inferred from, TrainingWheel's actions and/or failures to act, including the following:

> a.     At all times relevant hereto, TrainingWheel maintained payroll records which reflected the fact that Plaintiffs and Collective Action Members did, in fact, regularly work in excess of 40 hours per week, and thus, TrainingWheel had actual knowledge that Plaintiffs and Collective Action Members worked overtime;

b.    At all times relevant hereto, TrainingWheel knew that it did not pay Plaintiffs and Collective Action Members one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

c.    As evidenced by its own job offer letters, independent contractor agreements, employment agreements, and training materials for consultants, at all times relevant hereto, TrainingWheel was aware of the nature of the work performed by its consultants, and, in particular, that these individuals worked exclusively at-the-elbow of healthcare workers employed by TrainingWheel's clients, providing basic training and support;

d.    As evidenced by its own job offer letters, employment agreements, and policy and procedure documents, TrainingWheel knew and understood that it was subject to the wage requirements of the FLSA as an "employer" under 29 U.S.C. § 203(d).

e.    At all times relevant hereto, TrainingWheel was aware that its consultants did not engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis, creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

f.    TrainingWheel lacked any reasonable or good faith basis to believe that its consultants fell within any exemption from the overtime requirements of the FLSA. Rather, TrainingWheel deliberately misclassified its consultants

as independent contractors in order to avoid paying them overtime compensation to which they were entitled;

g.    At all times relevant hereto, TrainingWheel was aware that it would (and, in fact did) benefit financially by failing to pay Plaintiffs and Collective Action Members one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week; and

h.    Thus, TrainingWheel had a strong financial motive to violate the requirements of the FLSA by misclassifying its consultants as independent contractors.

35.    Based upon the foregoing, TrainingWheel was cognizant that, or recklessly disregarded whether, its conduct violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

36.    Plaintiffs bring Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the collective defined above.

37.    Plaintiffs desire to pursue their FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

38.    Plaintiffs and the Collective Action Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals worked pursuant to TrainingWheel's previously described common business and compensation practices as described herein, and, as a result of such practices, have been misclassified as independent contractors and have not been paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, TrainingWheel's common misclassification, compensation and payroll practices.

39.     Specifically, TrainingWheel misclassified Plaintiffs and FLSA Collective Members as independent contractors and paid them a set hourly rate.

40.     The similarly situated employees are known to TrainingWheel, are readily identifiable, and can easily be located through TrainingWheel's business and human resources records.

41.     TrainingWheel employs many Collective Action Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. Mail and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

## COUNT I
### Violation of the FLSA
### (On Behalf of Plaintiffs and the Collective Action Members)

42.     All previous paragraphs are incorporated as though fully set forth herein.

43.     The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee…" 29 U.S.C. § 203(d).

44.     TrainingWheel is subject to the wage requirements of the FLSA because TrainingWheel is an employer under 29 U.S.C. § 203(d).

45.     During all relevant times, TrainingWheel has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

46.     During all relevant times, Plaintiffs and the Collective Action Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

47.     Plaintiffs and the Collective Action Members are not exempt from the requirements of the FLSA.

48.     Plaintiffs and the Collective Action Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

49.     TrainingWheel, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the Collective Action Members for all their overtime hours worked by misclassifying Plaintiffs and the Collective Action Members as independent contractors, thereby exempting them from the requirements of the FLSA.

50.     TrainingWheel knowingly failed to compensate Plaintiffs and the Collective Action Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

51.     In violating the FLSA, TrainingWheel acted willfully and with reckless disregard of clearly applicable FLSA provisions.

52.     In violating the FLSA, on information and belief, TrainingWheel did not have any good faith basis to rely on any legal opinion or advice to the contrary.

## JURY DEMAND

Plaintiffs, on behalf of themselves and the Collective Action Members, hereby demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and the Collective Action Members:

a.      An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. §216(b);

b.      Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential Collective Action Members;

c.      Back pay damages for unpaid overtime compensation and prejudgment interest to the fullest extent permitted under the law;

d.      Liquidated and exemplary damages and other penalties to the fullest extent permitted under the law;

e.      Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

f.      Such other and further relief as this Court deems just and proper.

Dated: December 6, 2018                          Respectfully submitted,

                                                _/s Daniel R. Miller_____
                                                Daniel R. Miller, DE Bar # 3169
                                                Shanon J. Carson*
                                                Sarah R. Schalman-Bergen*
                                                Alexandra K. Piazza*
                                                BERGER MONTAGUE PC
                                                1818 Market Street, Suite 3600
                                                Philadelphia, PA 19103
                                                Telephone: (215) 875-3000
                                                Facsimile: (215) 875-4604
                                                scarson@bm.net
                                                dmiller@bm.net
                                                sschalman-bergen@bm.net
                                                apiazza@bm.net

                                                Harold Lichten*
                                                Olena Savytska*
                                                LICHTEN & LISS-RIORDAN, P.C.
                                                729 Boylston St., Suite 2000
                                                Boston, MA 02116
                                                Telephone: (617) 994-5800
                                                Facsimile: (617) 994-5801

hlichten@llrlaw.com
osavytska@llrlaw.com

David M. Blanchard*
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: 734.929.4313
blanchard@bwlawonline.com

*Attorneys for Plaintiffs*

* *Pro Hac Vice* anticipated.