# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| KATRINA FREEMAN and AIREANNE CLARK, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRAININGWHEEL CORPORATION, LLC A/K/A TRAININGWHEEL, INC.,<br><br>Defendant. | Case No. 2:19-cv-00052-SPC-UAM |

## JOINT STIPULATION AND MOTION FOR ENTRY OF ORDER APPROVING CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE PURSUANT TO 29 U.S.C. § 216(b) AND REQUEST FOR STAY PENDING ALTERNATIVE DISPUTE RESOLUTION

The parties by and through their counsel jointly move the Court for an order approving conditional certification and court-authorized notice under Section 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), and for a stay of the proceedings, except as stated herein, until the completion of alternative dispute resolution following the opt-in period. In support, the Parties jointly stipulate and move as follows:

1. Plaintiffs filed their Complaint on December 6, 2018 in the United States District Court for the District of Delaware. (Doc. 1).

2. On January 30, 2019, the action was transferred to this Court. (Doc. 12).

3. On February 15, 2019, Defendant filed its Answer and Affirmative Defenses. (Doc. 35).

4. The Parties, through their respective counsel, have conferred in good faith regarding the issue of conditional certification under 29 U.S.C. § 216(b). In order to avoid

unnecessary expense and in the interests of judicial economy, Defendant has agreed to stipulate to conditional certification of the collective as set forth herein. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1259 (11th Cir. 2008) (explaining two-step certification process employed in Fair Labor Standards Act cases and noting the standard for conditional certification is lenient, requiring merely a showing that similarly situated individuals exist who should be informed of the lawsuit).

5. Accordingly, the Parties move for entry of an Order Approving Conditional Certification of a Collective Action Under 29 U.S.C. § 216(b) and Approving Court-Authorized Notice according to the following stipulated terms and procedures.

*Definition of the Class*

6. The collective action shall consist of the following individuals to be conditionally certified and receive notice of this lawsuit pursuant to 29 U.S.C. § 216(b) (the "Collective"):

> All individuals who worked for TrainingWheel providing training and support to TrainingWheel's clients in connection with the implementation of electronic recordkeeping systems in the United States and who did not receive overtime compensation for hours worked in excess of forty (40) per week from **[three years prior to the Court's order granting certification]** to the present.

*Approval of Notice*

7. The parties stipulate to the terms of the Notice of Lawsuit and Opt-In Consent Form attached as **Exhibit A** and **Exhibit B**, respectively. The Notice contains terms customarily approved in the Middle District of Florida, and the Parties jointly request Court approval of both the Notice and Opt-In Consent Form.

*Procedures and Deadlines for Notice and Opt-Ins*

8. The Parties jointly stipulate and move for approval of the following procedures and deadlines with respect to notice to the Collective:

a. Within five (5) business days from the date of the Court's Order, Defendants shall serve on Plaintiffs' counsel, in native Excel electronic format, a list of potential Collective members to include the name, last known mailing address, last known email address, dates of employment, and location of employment for each individual in the Collective.

b. Within five (5) business days from the date of service by Defendant of the above list, Plaintiffs' counsel shall cause to be mailed and emailed, at their expense, the approved Notice and Opt-In Consent Form to the Collective. Plaintiff will simultaneously send a single copy of the Notice and Opt-In Consent Form to each individual via both regular mail and electronic mail. The body of the email to be sent to the Collective shall be generic and it shall be shown to and approved by Defendant's counsel. There shall be no other communications with the Collective other than notice as set forth herein, except that there shall be no restrictions on Plaintiffs' counsel's ability to communicate with their clients.

c. As soon as practical, Plaintiffs' counsel will provide notice to Defendant that the Notice and Opt-In Consent Forms have been sent.

d. Any member of the Collective shall have sixty (60) days from the date of mailing to return a signed copy of the Opt-In Consent Form to Plaintiffs' counsel for filing. Opt-In Consents will be deemed filed on the day they are stamped as received by Plaintiffs' counsel. All Opt-In Consents that are received by mail must be postmarked or marked submitted (if electronic) within sixty (60) days from the date of mailing.

  e. Plaintiffs' counsel will electronically file all returned Opt-In Consent Forms on a weekly basis.

*Request for Stay and Alternative Dispute Resolution*

  9. In addition, except as stated in this Stipulation and Motion, the Parties request that the Court stay any proceedings, discovery, or case management orders pending participation in mediation at the close of the opt-in period.

  10. The Parties will participate in an in-person mediation conference before mediator, Mark Hanley, Esquire. The mediation shall take place within thirty (30) days following the close of the opt-in period. Plaintiffs and Defendant shall equally divide the costs of mediation. The Parties shall file a Notice of Mediation notifying the Court of the agreed-upon mediation date.

  11. Attendance at mediation will satisfy the mandatory ADR requirements of the Case Management Plan for the Middle District of Florida. The Parties will not be required to re-mediate the case unless ordered by the Court or by mutual agreement.

  12. In order for the Parties to engage in meaningful settlement discussions, Defendant shall produce to Plaintiffs' counsel, within ten (10) business days following the close of the opt-in period, the following documents and information, if they exist, for the named Plaintiffs and any individuals who have submitted Opt-In Consent Forms ("Opt-In Plaintiffs"):

  a. A computer readable database (such as Microsoft Excel) containing pay and time information during the relevant statute of limitations. The information will include the amount and dates of all compensation paid, the hours worked, and the rates of pay, and the locations and dates of employment.

  b. All documents summarizing or describing the policies and procedures for compensating Plaintiffs and Opt-In Plaintiffs.

    c.    All documents regarding time-keeping systems, policies, procedures, and practices for Plaintiffs and Opt-In Plaintiffs.

    d.    All documents summarizing or describing the job duties of Plaintiffs and Opt-In Plaintiffs.

    e.    The complete personnel files of the named Plaintiffs and Opt-In Plaintiffs.

13. Prior to the mediation, and pursuant to a schedule agreed to by the mediator and the Parties, the Parties shall submit, to each other and the mediator, detailed mediation statements setting forth the facts and relevant law supporting their position on liability and damages.

14. Within five (5) business days following the mediation, the Parties shall file a joint status report notifying the Court whether the case has settled, subject to Court approval, or the Parties have reached an impasse.

15. If the mediation results in an impasse, the Parties shall hold a case management conference and submit a proposed Case Management Plan no later than thirty (30) days following notice to the Court.

WHEREFORE, the Parties respectfully request that the Court enter an order approving this Motion and the relief sought herein.

Date: March 11, 2019                          Respectfully submitted,

| | |
|---|---|
| s/ Sarah R. Schalman-Bergen<br>Shanon J. Carson*<br>Sarah R. Schalman-Bergen*<br>Alexandra K. Piazza*<br>BERGER MONTAGUE PC<br>1818 Market St., Suite 3600<br>Philadelphia, PA 19103<br>Tel: (215) 875-3000<br>scarson@bm.net<br>sschalman-bergen@bm.net<br>apiazza@bm.net | s/ Jason L. Gunter<br>Jason L. Gunter<br>Fla. Bar No. 0134694<br>GUNTERFIRM<br>1514 Broadway, Suite 101<br>Fort Myers, FL 33901<br>Tel: 239.334.7017<br>Jason@GunterFirm.com<br><br>*Attorneys for Defendants* |

5

Harold Lichten*
Olena Savytska*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Tel: (617) 994-5800
hlichten@llrlaw.com
osavytska@llrlaw.com

David M. Blanchard*
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Tel: (734) 929-4313
blanchard@bwlawonline.com

Eric Lindstrom
FL Bar No. 104778
EGAN, LEV, LINDSTROM &
SIWICA, P.A.
Post Office Box 2231
Orlando, FL 32802
Telephone: (407) 422-1400
Facsimile: (407) 422-3658
elindstrom@eganlev.com

*Admitted *pro hac vice*.

*Attorneys for Plaintiffs*