UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATRINA FREEMAN, individually and on behalf of all persons similarly situated, and AIREANNE, individually and on behalf of all persons similarly situated,

Plaintiff,

v. Case No: 2:19-cv-52-FtM-38UAM

TRAININGWHEEL CORPORATION, LLC, a/k/a, TRAININGWHEEL, INC.,

Defendant.

---

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause is before the Court on the parties' Joint Stipulation and Motion for Entry of Order Approving Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) and Request for Stay Pending Alternative Dispute Resolution (Doc. 49) filed on March 11, 2019. The parties are requesting the Court to enter an order approving conditional certification and court-authorized notice under Section 216(b) of the Fair Labor Standards Act ("FLSA"), and for a stay of the proceedings until the completion of alternative dispute resolution following the opt-in period. (Doc. 49 p. 1). The undersigned recommends that the parties' motion be **GRANTED**.

Section 216(b) of the FLSA authorizes one or more employees to bring a collective action against their employer for unpaid minimum wages or unpaid overtime "for and in behalf of himself or themselves and other employees similarly situated." Unlike a Rule 23 class action, in which each person falling within a certified class is bound by the judgment unless he or she opts out, each

putative plaintiff must affirmatively opt-*into* a § 216(b) class action. *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001).

A district court may grant conditional certification if a plaintiff demonstrates a reasonable basis to believe that: (1) there are other employees of the Defendant who desire to opt-in and (2) that these other employees are " 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260-61. The requirements for conditional certification under § 216(b) "are independent of, and unrelated to, the requirements for class action under Rule 23 of the Federal Rules of Civil Procedure." *Grayson*, 79 F.3d at 1096 n. 2.

The Eleventh Circuit has stated that a "district court's broad discretion at the notice stage [when deciding whether to conditionally certify a class] is thus constrained, to some extent, by the leniency of the standard for the exercise of that discretion." *Morgan,* 551 F.3d at 1261. Where a court has "minimal evidence" from the parties and discovery has not been completed, the typical result is that the motion is granted. *Cameron–Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 (11th Cir.2003) (quoting *Hipp,* 252 F.3d at 1216).

In this case, the parties have agreed to stipulate to a conditional certification of the collective. The parties request that the collective action consist of individuals to be conditionally certified and receive notice of the lawsuit pursuant to 29 U.S.C. § 216(b):

> All individuals who worked for TrainingWheel providing training and support to TrainingWheel's clients in connection with the implementation of electronic recordkeeping systems in the United States and who did not receive overtime compensation for hours worked in excess of forty (40) per week from [three years prior to the Court's order granting certification] to the present.

(Doc. 49 p. 2). In addition, the parties stipulate to the terms of the Notice of Lawsuit and Opt-In Consent Form. (Doc. 49-1; 49-2).

Given the parties' agreement, the undersigned recommends that the parties' stipulation and motion be adopted by the District Court.

**IT IS RESPECTFULLY RECOMMENDED THAT:**

1) The Joint Stipulation and Motion for Entry of Order Approving Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) and Request for Stay Pending Alternative Dispute Resolution (Doc. 49) be **GRANTED**.

2) The District Court enter an Order certifying the following class:

> All individuals who worked for TrainingWheel providing training and support to TrainingWheel's clients in connection with the implementation of electronic recordkeeping systems in the United States and who did not receive overtime compensation for hours worked in excess of forty (40) per week from [three years prior to the Court's order granting certification] to the present.

3) The Order include the following:
   a. Within five (5) business days from the date of the Court's Order, Defendants shall serve on Plaintiffs' counsel, in native Excel electronic format, a list of potential Collective members to include the name, last known mailing address, last known email address, dates of employment, and location of employment for each individual in the Collective.

   b. Within five (5) business days from the date of service by Defendant of the above list, Plaintiffs' counsel shall cause to be mailed and emailed, at their expense, the Notice and Opt-In Consent Form to the Collective (Doc. 49-1; 49-2). Plaintiff will simultaneously send a single copy of the Notice and Opt-In Consent Form to each individual via both regular mail and electronic mail. The body of the email to be sent to the Collective shall be generic and it shall be shown to and approved by Defendant's counsel. There shall be no other communications with the Collective other than notice as set forth herein, except that there shall be no restrictions on Plaintiffs' counsel's ability to communicate with their clients.

c. As soon as practical, Plaintiffs' counsel will provide notice to Defendant that the Notice and Opt-In Consent Forms have been sent.

d. Any member of the Collective shall have sixty (60) days from the date of mailing to return a signed copy of the Opt-In Consent Form to Plaintiffs' counsel for filing. Opt-In Consents will be deemed filed on the day they are stamped as received by Plaintiffs' counsel. All Opt-In Consents that are received by mail must be postmarked or marked submitted (if electronic) within sixty (60) days from the date of mailing.

e. Plaintiffs' counsel will electronically file all returned Opt-In Consent Forms on a weekly basis.

f. In addition, except as stated in this Stipulation and Motion, the Parties request that the Court stay any proceedings, discovery, or case management orders pending participation in mediation at the close of the opt-in period.

g. The Parties will participate in an in-person mediation conference before mediator, Mark Hanley, Esquire. The mediation shall take place within thirty (30) days following the close of the opt-in period. Plaintiffs and Defendant shall equally divide the costs of mediation. The Parties shall file a Notice of Mediation notifying the Court of the agreed-upon mediation date.

h. Attendance at mediation will satisfy the mandatory ADR requirements of the Case Management Plan for the Middle District of Florida. The Parties will not be required to re-mediate the case unless ordered by the Court or by mutual agreement.

i. In order for the Parties to engage in meaningful settlement discussions, Defendant shall produce to Plaintiffs' counsel, within ten (10) business days following the close of the opt-in period, the following documents and information, if they exist, for the named Plaintiffs and any individuals who have submitted Opt-In Consent Forms ("Opt-In Plaintiffs"):

   i. A computer readable database (such as Microsoft Excel) containing pay and time information during the relevant statute of limitations. The information will include the amount and dates of all compensation paid, the hours worked, and the rates of pay, and the locations and dates of employment.

   ii. All documents summarizing or describing the policies and procedures for compensating Plaintiffs and Opt-In Plaintiffs.

   iii. All documents regarding time-keeping systems, policies, procedures, and practices for Plaintiffs and Opt-In Plaintiffs.

iv. All documents summarizing or describing the job duties of Plaintiffs and Opt-In Plaintiffs.

v. The complete personnel files of the named Plaintiffs and Opt-In Plaintiffs.

j. Prior to the mediation, and pursuant to a schedule agreed to by the mediator and the Parties, the Parties shall submit, to each other and the mediator, detailed mediation statements setting forth the facts and relevant law supporting their position on liability and damages.

k. Within five (5) business days following the mediation, the Parties shall file a joint status report notifying the Court whether the case has settled, subject to Court approval, or the Parties have reached an impasse.

l. If the mediation results in an impasse, the Parties shall hold a case management conference and submit a proposed Case Management Plan no later than thirty (30) days following notice to the Court.

**RESPECTFULLY RECOMMENDED** in Fort Myers, Florida on May 10, 2019.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties