UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATRINA FREEMAN and AIREANNE
CLARK, individually and on behalf of all
persons similarly situated

       Plaintiffs,

v.                                  Case No.:  2:19-cv-52-FtM-38UAM

TRAININGWHEEL CORPORATION,
LLC,

       Defendant.

_____/

**<u>ORDER</u>**[1]

     Before the Court is Judge Douglas N. Frazier's Report and Recommendation (R&R) (Doc. 51), recommending that the parties' Joint Stipulation and Motion for Entry of Order Approving Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) and Request for Stay Pending Alternative Dispute Resolution (Doc. 49) be **GRANTED**.

     After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

(11th Cir. 1982).  In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, and the court may accept, reject or modify the findings in whole or in part. 28 U.S.C. § 636(b)(1); *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  *Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Here, the parties jointly requested conditional certification of an FLSA class and stipulated to a class definition and the content of a Notice of Lawsuit and Opt-In Consent Form.  (Doc. 49).  Given the parties' agreement, Judge Frazier recommended that this Court grant the motion.  (Doc. 51).  After conducting an independent examination of the file, the Court agrees.

Accordingly, it is now

**ORDERED:**

(1) The Report and Recommendation (Doc. 51) is **ACCEPTED and ADOPTED**, and the findings are incorporated herein.

(2) The parties' Joint Stipulation and Motion for Entry of Order Approving Conditional Certification and Court-Authorized Notice Pursuant to 29 U.S.C. § 216(b) and Request for Stay Pending Alternative Dispute Resolution (Doc. 49) is **GRANTED**.

    a.  The Court hereby **CONDITIONALLY CERTIFIES** the following class:

    All individuals who worked for TrainingWheel providing training and support to TrainingWheel's clients in connection with the implementation of electronic recordkeeping systems in the United States and who did not receive overtime compensation for hours worked in excess of forty (40) per week from May 29, 2016, to the present.

b. Within five (5) business days from the date of this Order, Defendants shall serve on Plaintiffs' counsel, in native Excel electronic format, a list of class members to include the name, last known mailing address, last known email address, dates of employment, and location of employment for each individual in the class.

c. Within five (5) business days from the date of service by Defendant of the above list, Plaintiffs' counsel shall simultaneously mail and email, at their expense, a single copy of the Notice (Doc. 49-1) and Opt-In Consent Form (Doc. 49-2) to each member of the class. The body of the email shall be generic and shall be shown to and approved by Defendant's counsel. The parties and their counsel shall not otherwise communicate with class members about this case, except that communication between Plaintiffs and their counsel shall remain unrestricted.

d. As soon as practical, Plaintiffs' counsel shall notify Defendant's counsel that the Notice and Opt-In Consent Forms have been sent.

e. Any member of the class shall have sixty (60) days from the date of the mailing to return a signed copy of the Opt-In Consent Form to Plaintiffs' counsel for filing. Opt-In Consents will be deemed filed on the day they are stamped as received by Plaintiffs' counsel. All Opt-In Consents received by mail must be postmarked or marked submitted (if electronic) within sixty (60) days from the date of mailing.

f.  Plaintiffs' counsel shall electronically file all returned Opt-In Consent Forms on a weekly basis.

g.  The parties shall participate in an in-person mediation conference before mediator Mark Hanley within thirty (30) days of the close of the opt-in period. Plaintiffs and Defendant shall equally divide the costs of mediation. The parties shall file a Notice of Mediation, notifying the Court of the agreed-upon mediation date prior to the mediation.

h.  Attendance at mediation will satisfy the mandatory ADR requirements of the Case Management Plan for the Middle District of Florida. The parties will not be required to re-mediate the case unless ordered by the Court or by mutual agreement.

i.  Defendant shall produce to Plaintiffs' counsel, within ten (10) business days following the close of the opt-in period, the following documents and information, if they exist, for the named Plaintiffs and any individuals who have submitted Opt-In Consent Forms (the Opt-In Plaintiffs):

    i.  A computer readable database (such as an Excel file) containing pay and time information during the relevant statute of limitations. The information shall include the amount and dates of all compensation paid, the hours worked, and the rates of pay, and the locations and dates of employment.

    ii.  All documents summarizing or describing the policies and procedures for compensating Plaintiffs and Opt-In Plaintiffs.

    iii.  All documents regarding time-keeping systems, policies, procedures, and practices for Plaintiffs and Opt-In Plaintiffs.

    iv.  All documents summarizing or describing the job duties of Plaintiffs and Opt-In Plaintiffs.

      v.  The complete personnel filed of the names Plaintiffs and Opt-In Plaintiffs.

j.  Prior to the mediation, and pursuant to a schedule agreed to by the mediator and the parties, the parties shall submit, to each other and the mediator, detailed mediation statements setting forth the facts and relevant law supporting their positions on liability and damages.

k.  Within five (5) business days following the mediation, the Parties shall file a status report, notifying the Court whether the case has settled, subject to Court approval, or the parties have reached an impasse.

l.  If the mediation results in an impasse, the Parties shall hold a case management conference and submit a proposed Case Management Plan no later than thirty (30) days following notice to the Court.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of May, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record