IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATRINA FREEMAN and AIREANNE )
CLARK, individually and on behalf of all )
Persons similarly situated, )
)
)
Plaintiffs, )   Civil Action: 2:19-cv-52-FtM-38UAM
)
v. )
)
)
TRAININGWHEEL CORPORATION, LLC, )
a/k/a TRAININGWHEEL, INC., )
)
Defendant. )
_____)

## FLSA COLLECTIVE ACTION SETTLEMENT AGREEMENT

1. This FLSA Collective Action Settlement Agreement ("Settlement Agreement," "Settlement," or "Agreement") is entered into between Plaintiffs Katrina Freeman and Aireanne Clark (collectively, "Plaintiffs"), individually and on behalf of the FLSA Collective defined below, and Defendant TrainingWheel Corporation, LLC ("TrainingWheel" or "Defendant"), subject to the approval of the Court. Plaintiffs and Defendant are referred to collectively as the "Parties."

## RECITALS AND BACKGROUND

2. Plaintiffs filed this case against TrainingWheel in the District Court for the District of Delaware on December 6, 2018, alleging overtime claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Following the Parties' stipulation, this case was transferred to the Middle District of Florida on January 29, 2019.

3. In March of 2019, the Parties stipulated to a notice process and an opt-in period in this case, to be followed by a mediation encompassing the claims on Plaintiffs and Opt-In Plaintiffs. Prior to the mediation session, counsel for Defendant provided Plaintiffs' Counsel with data regarding the overtime hours worked by Plaintiffs and Opt-In Plaintiffs, as well as personnel files for the Plaintiffs and Opt-In Plaintiffs. Plaintiffs' Counsel used this data to prepare a detailed damages estimate.

4. On October 4, 2019, the parties participated in a full-day mediation session before Mark Hanley, Esq. As a result of the mediation, the Parties agreed to settle Plaintiffs' and Opt-In Plaintiffs' claims according to the terms of this Settlement Agreement.

5. Plaintiffs' Counsel has made a thorough and independent investigation of the

facts and law relating to the allegations in this lawsuit. In agreeing to this Settlement Agreement, Plaintiffs have considered: (a) the facts developed during the mediation process and the law applicable thereto; (b) the risks of continued litigation; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Plaintiffs have concluded that the terms of this Settlement Agreement are fair and reasonable, and that it is in the best interests of Plaintiffs and Opt-In Plaintiffs to settle their claims against TrainingWheel as set forth herein.

7. TrainingWheel denies the allegations in this lawsuit and that it misclassified any consultants at any time and further denies any liability for the alleged failure to pay overtime compensation. TrainingWheel is entering this Agreement to eliminate the burden, risk, and expense of further litigation. This Settlement Agreement and all related documents are not and shall not be construed as an admission by TrainingWheel of any fault, liability, or wrongdoing, which TrainingWheel expressly denies.

8. The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b) is met with respect to the FLSA Collective Members as defined below.

9. In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby agreed as follows.

## **DEFINITIONS**

10. The following terms used in this Agreement have the following meanings:

   a. "Action" means the above-captioned lawsuit.

   b. "Approval Order" means the Order approving the terms and conditions of this Agreement, as may be modified by the Court.

   c. "Court" means the United States District Court for the Middle District of Florida.

   d. "Defendant" means TrainingWheel, LLC.

   e. "Defendant's Counsel" means GunterFirm.

   f. "Effective Date" means the first business day after the Court's Approval Order becomes non-appealable (*i.e.*, 30 days after the Entry of Judgment if there is no appeal).

   g. "Gross Settlement Amount" means the sum of One Hundred and Forty-Eight Thousand, Forty-Five dollars and Seventy-Five Cents ($148,045.75), which shall be the maximum amount TrainingWheel shall pay to settle this Action as set forth herein.

   h. "Named Plaintiffs" or "Plaintiffs" means Katrina Freeman and Aireanne Clark.

2

i. "Net Settlement Amount" means the Gross Settlement Amount less: (i) Five Thousand Dollars ($5,000) for each of the two Plaintiffs for their efforts in bringing and prosecuting this matter ("Service Awards"); and (ii) Plaintiffs' Counsel's attorneys' fees not to exceed one-third (1/3) of the Gross Settlement Amount, plus Plaintiffs' Counsel's out-of-pocket costs that are currently estimated to be $3,000.00. All of these amounts are subject to the Court's approval.

j. "Opt-In Plaintiffs" means individuals who as of October 15, 2019 had filed an Opt-In Consent Form with the Court. There are a total of 98 Opt-In Plaintiffs.

k. "Parties" means Plaintiffs and TrainingWheel.

l. "Plaintiffs' Counsel" means Berger Montague PC, Lichten & Liss-Riordan, P.C., and Blanchard & Walker PLLC.

m. "Released Claims" means all local, state, and federal wage and hour claims that accrued during the Settlement Collective Member's work with TrainingWheel as an independent contractor during the Relevant Time Period, including claims for unpaid wages, overtime, liquidated damages, penalties, interest, attorneys' fees and costs, and claims derived from the alleged failure to pay overtime wages during that period.

n. "Released Parties" means TrainingWheel, LLC, and all of its parent companies, subsidiaries, affiliates, business units, members, shareholders, and its predecessors and successors, officers, directors, agents, employees, and assigns.

o. "Relevant Time Period" means May 29, 2016 and October 4, 2019.

p. "Settlement Award" means the payment that each Settlement Collective Member shall be entitled to receive pursuant to the terms of this Agreement.

q. "Settlement Collective Members" means: (i) Plaintiffs and Opt-in Plaintiffs. There are 98 Settlement Collective Members.

## RELEASES

11. In exchange for the consideration set forth in this Settlement Agreement, Plaintiffs and all Settlement Collective Members agree to release the Released Claims..

## SETTLEMENT APPROVAL

12. The parties shall file a Joint Motion to Approve Settlement with the Court within fourteen (14) days following the execution of this Settlement Agreement, attaching a copy of this Agreement.

13. The Motion to Approval Settlement will request that the Court approve the Settlement in a one-stage approval process.

## SETTLEMENT FUNDS AND DISTRIBUTION

14. Within three (3) business days after the Effective Date, TrainingWheel shall electronically transfer the Gross Settlement Amount to an interest-bearing escrow account identified by Plaintiffs' Counsel.

15. Subject to the Court's Approval Order, each of the two Named Plaintiffs shall receive a Service Award of $5,000 for their efforts in bringing and prosecuting this matter, and shall be issued a Form 1099 for these payments, which shall be made by Plaintiffs' Counsel within ten (10) business days after the Effective Date.

16. Subject to the Court's Approval Order, Plaintiffs' Counsel shall receive attorneys' fees of one-third (1/3) of the Gross Settlement Amount, in compensation for all work performed to date as well as all work remaining to be performed in the Action, including but not limited to documenting the Settlement, ensuring it is fairly administered and implemented, and obtaining final dismissal of the Action. In addition, Plaintiffs' Counsel shall receive reimbursement of their out-of-pocket costs approved by the Court's Approval Order. These payments of attorneys' fees and costs shall be made within ten (10) business days after the Effective Date.

17. Settlement Awards to Settlement Collective Members shall be made from the Net Settlement Amount, and shall be calculated as follows:

> i. For each workweek during which the Settlement Collective Member worked more than forty (40) hours but did not receive overtime premium pay ("uncompensated overtime") at any time during the Relevant Time Period, he or she shall be eligible to receive a *pro rata* portion of the Net Settlement Amount based on the actual number of uncompensated overtime hours the Settlement Collective Member was paid. Each uncompensated overtime hour paid will be equal to one (1) settlement share.
>
> ii. The total number of settlement shares for all Settlement Collective Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per-share dollar figure. That figure will then be multiplied by each Settlement Collective Member's number of settlement shares to determine the Settlement Collective Member's Settlement Award.

18. All Settlement Awards to Settlement Collective Members shall be reported on an IRS Form 1099 and shall not be subject to FICA and FUTA withholding taxes. Plaintiffs' Counsel shall mail all Settlement Awards to Settlement Collective Members within ten (10) days after the Effective Date or as soon as practicable.

19. All Settlement Award checks to Settlement Collective Members shall remain negotiable for 180 days from the date they are issued, and shall be accompanied by a cover letter when they are sent to Settlement Collective Members by Plaintiffs' Counsel explaining as such. When 90 days of that 180 day check-cashing period has expired, Plaintiffs' Counsel will mail and email a reminder letter to any Settlement Collective Members who have not yet cashed their

checks to inform them of the 180-day deadline. During the last 45 days of the 180-day check-cashing period, Plaintiffs' Counsel will call Settlement Collective Members who have not yet cashed their checks, following a script approved by defense counsel to inform them of the 180-day deadline. If working telephone numbers do not exist, Plaintiffs' Counsel will use any available email addresses for the same purpose.

20. In the event that there are any remaining funds attributable to uncashed Settlement Award checks that are not deposited or cashed within the 180-day period, these funds shall be returned to a *cy pres* non-profit recipient, Florida Legal Services, which has been agreed upon by the Parties and subject to approval by the Court in its Approval Order.

## MISCELLANEOUS

21. **No Retaliation.** TrainingWheel will not take any adverse action against any Settlement Collective Member on the grounds that he/she is eligible to participate or does participate in the Settlement.

22. **Tolling Agreement.** All FLSA and state law statutes of limitation applicable to all claims by any Settlement Collective Member for unpaid overtime shall be tolled during the pendency of the settlement approval proceedings through the Effective Date. For avoidance of doubt, this provision only applies to those individuals who have filed Opt In Notices and this provision is in no way intended to toll the statute of limitations for any prospective class members who did not file an Opt-In Notice.

23. **No Admission of Liability.** This Settlement Agreement and all related documents are not and shall not be construed as an admission by TrainingWheel of any fault, liability, or wrongdoing.

24. **Defendant's Legal Fees.** TrainingWheel's legal fees and expenses in this Action shall be borne by TrainingWheel.

25. **Effect of Non-Approval.** If (a) the Court does not approve the Settlement as provided herein; or (b) the Settlement does not reach the Effective Date for any reason; the Parties agree to engage in follow-up negotiations with the intent of resolving the Court's concerns that precluded approval, and, if feasible, to resubmit the settlement for approval within thirty (30) days. If the Settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions on the day before this Agreement and that this Agreement shall not be used in evidence or argument in any other aspect of their litigation.

26. **Interim Stay of Proceedings.** The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

27. **Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest. This

Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

28. **Entire Settlement Agreement.** This Agreement with exhibits constitutes the entire Agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.

29. **Authorization to Enter Into Settlement Agreement.** The Parties warrant and represent that they are authorized to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement. In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, Mark Hanley, Esq., to resolve such disagreement.

30. **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Plaintiffs, Defendant, and the Settlement Collective Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize. The Parties hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

31. **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile, email, and electronic signature. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

32. **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's-length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

33. **Governing Law.** This Settlement Agreement shall be governed by and interpreted according to Florida law.

34. **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders

and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:** _/s/ Katrina Freeman_  Date: October 21, 2019
Katrina Freeman

_/s/ Aireanne Clark_  Date: October 21, 2019
Aireanne Clark


**APPROVED AS TO FORM BY PLAINTIFFS' COUNSEL:**

_____  Date: October __, 2019

Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103


_____  Date: October __, 2019

Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

_/s/ David M. Blanchard_  Date: October 21, 2019
David M. Blanchard
BLANCHARD & WALKER PLLC
221 N Main Street, Suite 300
Ann Arbor, MI 48104

7

and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

IN WITNESS WHEREOF, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**    *Katrina Freeman*    Date: October 21, 2019
Katrina Freeman

*[signature]*    Date: October 21, 2019
Aireanne Clark

**APPROVED AS TO FORM BY PLAINTIFFS' COUNSEL:**

*[signature]*    Date: October 21, 2019

Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

*[signature]*    Date: October 21, 2019

Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116

_____    Date: October \_\_, 2019

David M. Blanchard
BLANCHARD & WALKER PLLC
221 N Main Street, Suite 300
Ann Arbor, MI 48104

DEFENDANT: _____  Date: October 21, 2019
TrainingWheel, LLC

APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:

_____  Date: October 21, 2019
Jason L. Gunter
GUNTERFIRM
1514 Broadway, Suite 101
Fort Myers, FL 33901