UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KATRINA FREEMAN and AIREANNE CLARK, individually and on behalf of all persons similarly situated,

 Plaintiffs,

v. Case No: 2:19-cv-52-FtM-NPM

TRAININGWHEEL CORPORATION, LLC, a/k/a TRAININGWHEEL, INC.,

 Defendant.

## ORDER[1]

In this conditionally certified Fair Labor Standards Act (FLSA) collective action (Doc. 52), Plaintiffs allege they and similarly situated individuals were improperly classified as independent contractors, and, as a result, were not paid overtime compensation. Following the notice and opt-in period in which 98 individuals opted in (hereinafter "Settlement Collective Members"), the named Plaintiffs Katrina Freeman and Aireanne Clark, the 98 Settlement Collective Members, and Defendant agreed to a settlement[2] and request the Court's approval of their agreement. (Doc. 74).

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this document.

[2] Individuals opted in by signing a Consent to Join and Authorization to Represent, wherein they agreed to be bound by any judgment or any settlement of this action and designated the named plaintiffs to enter into settlement agreements on their behalf. *See e.g.* Doc. 54-1.

After a careful review of the parties' submissions and the file, the Court approves the FLSA Collective Action Settlement Agreement (Doc. 74-1), except the portion of the agreement that the Court retain jurisdiction over the case indefinitely to enforce the terms of the settlement agreement.

## LEGAL STANDARD

To avoid the risk that settlements of such claims without court approval may not be enforceable, litigants often seek court approval of the settlement of their FLSA claims in conjunction with their stipulated dismissal of the case. And to obtain approval of anything short of a full compensation agreement, courts in this Circuit generally require the filing of the settlement agreement on the public docket for review. Any additional terms, such as non-disparagement or confidentiality provisions, are generally approved when they are for the benefit of the employee or in furtherance of the employee's interests. *See Zdun v. Virtu Cathedral Associates, LLC*, No. 3:17-cv-579-J-39PDB, 2018 WL 3761024, at *3-4 (M.D. Fla. May 14, 2018).

"If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Dees v. Hydrady, Inc.*, 706 F. Supp 2d 1227, 1241 (M.D. Fla. 2010). Nevertheless, when scrutinizing FLSA settlements for fairness, courts generally evaluate:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Id.*

The above standard is the same for cases conditionally certified as collective actions,[3] and the settlement of a conditionally certified collective may be approved without requiring a final certification decision. *Campbell v. Pincher's Beach Bar Grill Inc.*, No. 2:15-cv-695-FtM-99MRM, 2017 WL 3700629, *1-2 (M.D. Fla. Aug. 24, 2017), report and recommendation adopted, 2017 WL 3668889 (deeming consideration of final certification unnecessary).

## THE CLAIMS, DEFENSES, AND PROPOSED SETTLMENT

Plaintiffs allege they worked as consultants providing training and support to TrainingWheel's clients and were improperly classified as independent contractors exempt from overtime pay. (Doc. 1, ¶¶ 9-10). The parties agree there are bona fide disputes as to whether Plaintiffs and the Settlement Collective Members are entitled to overtime wages. (Doc. 74, pp. 5-6). Defendant argues contrary to Plaintiffs' allegations that it properly classified Plaintiffs as independent contractors and properly compensated them. In sum, the parties have a bona fide dispute.

Evaluating the proposed settlement for fairness and reasonableness, the Court first notes that counsel for both sides find benefit to a settlement rather than protracted litigation. (Doc. 74, p. 6). The parties believe that approval of the settlement agreement

---

[3] On May 29, 2019, the Court entered an Order conditionally certifying the following class:

> All individuals who worked for TrainingWheel providing training and support to TrainingWheel's clients in connection with the implementation of electronic recordkeeping systems in the United States and who did not receive overtime compensation for hours worked in excess of forty (40) per week from May 29, 2016, to the present.

(Doc. 52).

is in their best interests "given the disputed issues and the risks, time requirements, and unknown case duration inherent to litigation." *Kleekamp v. Home Performance All., Inc.*, No. 2:17-cv-660, 2018 WL 2986687, *1 (M.D. Fla. June 6, 2018), *report and recommendation adopted*, 2018 WL 2970982 (M.D. Fla. June 13, 2018). There is no indication of any fraud or collusion. Rather, the settlement agreement results from arms' length negotiations between experienced counsel facilitated by an exchange of information and detailed damages calculations and a mediation session before an experienced mediator. Mediation came on the heels of discovery that included the exchange of personnel files and data that reflected Plaintiffs' hours worked, rates of pay, and payroll deductions, and the parties agreed to settle to avoid additional expense and minimize future risk in proving their claims and defenses. (Doc. 74, p. 8).

### *Monetary Terms*

After an investigation and exchange of information, the parties agree to settle under the following terms:

> 17. Settlement Awards to Settlement Collective Members shall be made from the Net Settlement Amount, and shall be calculated as follows:
>
> (i) For each workweek during which the Settlement Collective Member worked more than forty (40) hours but did not receive overtime premium pay ("uncompensated overtime") at any time during the Relevant Time Period, he or she shall be eligible to receive a *pro rata* portion of the Net Settlement Amount based on the actual number of uncompensated overtime hours the Settlement Collective Member was paid. Each uncompensated overtime hour paid will be equal to one (1) settlement share.
>
> (ii) The total number of settlement shares for all Settlement Collective Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per-share dollar figure. That figure will then be multiplied by

> each Settlement Collective Member's number of settlement shares to determine the Settlement Collective Member's Settlement Award.

(Doc. 74, ¶ 17). The settlement agreement also provides:

> In the event that there are any remaining funds attributable to uncashed Settlement Award checks that are not deposited or cashed within the 180-day period, these funds shall be returned to a *cy pres* non-profit recipient, Florida Legal Services, which has been agreed upon by the Parties and subject to approval by the Court in its Approval Order.

(*Id.* at ¶ 20). Based on the parties' representations that the amount is fair and reasonable (and the Court has no reason to disagree), the Court recommends that the amount is a fair and reasonable resolution of the claims.

### *Incentive Payments*

The settlement agreement provides for a $5,000.00 service award to each named Plaintiff in recognition of their work on behalf of the collective. Courts in this Circuit have awarded such incentive payments to named Plaintiffs in FLSA cases when the named Plaintiffs can establish they faced substantial risk by actively being involved in the lawsuit since its inception, provided counsel with assistance which led to a favorable settlement for the entire collective, or incurred actual expenses. The parties state the named Plaintiffs participated in mediation, reviewed Defendant's document production, prepared their damages model, and have been involved in this matter since its inception. (Doc. 74, p. 11-12). *See Plummer v. PJCF, LLC*, No. 2:15-cv-37-FtM-38CM, 2015 WL 5952426, *3 (M.D. Fla. Oct. 13, 2015). Thus, the Court considers an incentive payment of $5,000 to each named Plaintiff reasonable.

### *Attorneys' Fees and Costs*

Under the settlement terms, Plaintiffs' counsel shall receive attorneys' fees of one-third of the Gross Settlement Amount and reimbursement of their out-of-pocket costs. (Doc. 74-1, ¶ 16). Because the attorneys' fees were not agreed upon separately and without regard to the amount paid to Plaintiffs, the Court makes a reasonableness finding. *See Bonetti v. Embara Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009); *see also Dail v. George A. Arab, Inc.*, 391 F. Supp.2d 1142, 1146 (M.D. Fla. 2005) ("In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination.") (citing *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998)).

Plaintiffs' counsel requests an award of attorneys' fees in the amount of $49,348.58 to be paid from the common fund (which represents 30% of the common fund). An award of reasonable attorneys' fees and costs is mandated by the FLSA if the employer is held liable. *See* 29 U.S.C. § 216(b) (indicating the court shall "allow a reasonable attorney's fee to be paid by the defendant"). However, the FLSA does not require the Court to conduct "'an in depth analysis ... unless the unreasonableness of such award is apparent from the face of the documents.'" *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar.7, 2007).

Here, the Court need not conduct an in-depth analysis as the total fee award sought is not patently unreasonable and Defendant does not contest the reasonableness of the award. Plaintiffs' counsel expended numerous hours of work on this case—a combined total of 156.7 hours. (Doc. 75 at 13). Upon consideration, the Court finds the

amount to be reasonable and fair.[4] Plaintiffs' request for costs in the amount of $5,480.91 also appears fair and reasonable.

### *Retention of Jurisdiction*

Finally, although the parties do not address the issue in their Motion, the settlement agreement for which they seek approval states: "The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of the Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel shall submit to the jurisdiction of the Court for this purpose." (Doc. 74-1, ¶ 34). But the Court is generally reluctant to retain jurisdiction for an indefinite period of time over matters such as this. *See Popov v. George & Sons Towing Inc.*, No. 2:12-cv-123-FtM-39UAM, 2013 WL 4028208, at *1 (M.D. Fla. Aug. 7, 2013). Accordingly, the Court conducted a hearing on June 17, 2020 and confirmed that no party objected to limiting this retention of jurisdiction to correspond with the claims processing period of 220 days from the date of this order.

Accordingly, it is **ORDERED**:

1)      The FLSA Collective Action Settlement Agreement (Doc. 74-1) is approved by the Court as a fair and reasonable resolution of a bona fide dispute of the parties' FLSA issues.

2)      The Joint Motion for Approval of FLSA Collective Action Settlement Agreement (Doc. 74) is **GRANTED** to the extent the parties seek approval of their

---

[4] Because the Court has not conducted an in-depth analysis of the attorneys' fees requested, the award of attorneys' fees in this action does not reflect a determination that the hourly rate assessed by Plaintiffs' counsel constitutes a reasonable hourly rate in this or any other market.


settlement and dismissal of this case but **DENIED** as to any request by the parties that the Court retain jurisdiction for more than 220 days from the date of this order to enforce the terms of the settlement.

      3)      The Clerk of Court is **DIRECTED** to terminate all pending motions, enter a judgment dismissing this action with prejudice and close the file.

      **DONE** and **ORDERED** in Fort Myers, Florida on June 26, 2020.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE